RECEIVED 15 MAR -2 PM 12:54

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT, EASTERN DIVISION

JEFFERY G. DOUGLAS,
   PLAINTIFF,

v.                                          Docket: _____

                                            **JURY TRIAL AS OF RIGHT, Rule 38**

SCHREIBER, Francine C., ET AL

PLUNK, Jennifer,

TURNER, Ralph,

GOOKIN, Gregory D.

JONES, Danielle,
   **DEFENDANTS,**

---

## WRIT OF CONSPIRACY

---

**COMES NOW** the *Plaintiff* in the above style cause of action, and respectfully presents this *Writ of Conspiracy* and will respectfully present the following in support of this writ.

The action for malicious prosecution grew out of related action for conspiracy and various *Statues* were enacted to aid persons who had been falsely and maliciously indicted or accused of crimes by conspiracy among defendants, *Briscoe 460 US 325.*

It is a *sound principle,* that where the fraudulent misconduct of a party occasions injury to the private rights of another, he shall, be responsible in damages for same , *Penrod v. Mitchell, 8 Serg. And R. 522,* and was (is) an action on the case of the nature of a *Writ of Conspiracy.*

At common law, *Writ of Conspiracy,* existed as a distinct action and applied when conspiracy was formed to prosecute an individual on a false charge of felony, *Beard 372 F.2d 685.* When, by *Statue,* malicious prosecution was made an actionable wrong, *the Writ* was still used, the allegation of conspiracy being treated as surplusage, *1 Street, Foundation of Legal Liability 328-329, Cooley on Torts, Sec. 74 pp. 237-238 (4th Ed. 1932.*

1

To sustain an action for conspiracy, three things must be present; *A cons-piracy, Tortious- Acts in Furtherance of it, and Consequent damage to the Plaintiff,* Hollinberger 41 App. D,.C. 197, 1913 WL 19939 and Fincllay 113 U.S. 104.

It *matters not guilty,* he may have been, and, Prof. Minor says, that the *Writ of Conspiracy,* through existing theoretically, has for several generations, been superseded in practice by the more convenient remedy of the action of trespass on the case. "If action is brought against several, and one only be found guilty, it is sufficient, for there is a great difference between the action on the case in the matter of a conspiracy and the *Writ of Conspiracy* at common law, and in this case, the damage sustained is the ground of action," *Skinner v. Gunton, 1 Saund. 228, see 1 Bac. Abr. P. 139.*

On the 19th day of October 2013, the *Plaintiff* signed an *Affidavit* (Exhibit A) against Schreiber, Plunk, and Turner, charging them Extortion in accordance to T.C.A § 39-13-112 in the 2009 action now pending before this Honorable Court. In addition to extortion, *Plaintiff* also stated coercion in accordance to T.C.A. § 39-11-106 by means of threat communicated to wrongfully accuse a person of any offense. Gookin was charged with obstruction of justice by *refraining* from reporting to Court the suspected commission of offense in accordance to T.C.A. § 39-16-604. Capt. Tyreece Miller contacted the *Plaintiff* (Exhibit B) on or about the 26th day of October 2013 stating that he will assign the complaint to an investigator and that *Plaintiff* would be contacted by mail. As of this Document date, *Plaintiff* has not heard from this filing.

On the 31st day of October 2013, *Plaintiff* signed another *Affidavit* (Exhibit C) Naming Schreiber, Plunk, and Turner again, and adding Jones. After receive documents that present to *Plaintiff* that the named parties had committed perjury. The Affidavit was made in accordance to T.C.A. §§ 39-16-702, § 39-16-703, and § 39-16-705. Schreibler was charged with Aggravated Perjury because she made a false statement during an investigation. Jones was charged with Aggravated Perjury because the false statement was made during investigation and using an indictment that she knew personally, was false. Plunk and Turner were charged with Subornation Perjury because the person committed the offense with intent to deceive and induced another to make a false statement constituting perjury

An action for *malicious prosecution* has been long available against individuals who institutes criminal proceedings against the Plaintiff with malice, *W. Prosser, supra, § 119 @ 834.*

The tort evolved during the Sixth and Seventh Centuries out of the ancient *Writ of Conspiracy* into an action on the case maintainable against a single defendant. Briscoe, *supra,* 460 U.S. @ 251.

The first "modern" action for *malicious prosecution* in England was *Savile, 1 Ld.Raym. 374, 91 Eng.Rep. 1147,* and the action was later routinely available in this country, as well. Briscoe, *supra,* 460 U.S. @ 351, Dinsman 53 U.S. (12 How.) 390. and Munns 17 F.Cas. 993.

*Malicious Prosecution* existed as early as during the reign of *Edward I,* in the form of Writ of Conspiracy, aimed, at combinations to abuse legal procedure. Generally, *Winfield,* history of Conspiracy and abuse of legal proceedings 1921.

The *Plaintiff* claims that the action in tort for deceit and for damages in nature of a Writ of Conspiracy, that Plaintiff may sue an agent in tort. As well as, a principal, that the prosecution was void *ab initio* violation of Tennessee Statutes, making it a crime to commit conspiracy by false representations of facts or law, and Plaintiff, has right to sue in tort, notwithstanding the rescission.

At common law, the original *Writ of Conspiracy* was employed in case of "combinations" of two or more persons to abuse legal proceedings and was the, Forerunner of action, for malicious prosecution, *Posser,* Law of Torts, Fourth Ed. § 47 @ 293 1971,.

With respect to the allegation of conspiracy, at common law, the ancient *Writ of Conspiracy* was changed to an action of trespass on the case in the nature of a Conspiracy. In *Michigan,* the cause of action does not result from the conspiracy, but, from the wrongful acts causing the damages, which, were, done in furtherance of the conspiracy. *See,* Krum 255 F.Supp 994 and Studerbaker 256 F.Supp 173.

TN CONST. Art. 1 § 6 gives an action to recover damages where case was tried throughout in trial court on *"Erroneous Theory"* that probable cause was justification "although no offense, in fact, had been committed." And it appears that development of facts in support plea of probable cause probably resulted in verdict jury would otherwise have returned, Martin 181 S.W.2d 638.

*Obstructive Conduct* can very widely in nature, degree of planning, and seriousness and examples of the types of conduct to which this applies directly or indirectly, providing *materially false information or statement* to impeded the official investigation or prosecution of the instant offense. *Material Evidence* is defined as, Material Evidence, fact, Statement or Information, if believed, would tend to influence or effect the issue under determination, Unit States 100 Fed.Appx. 39, 2004 WL 1292757.

LISINSKI was convicted of two counts of "Extortion and one count of Attempted Extortion. *District Judge,* Thomas R. McMillin held that; "Extortion by wrongful use of fear of economic harm, was established, by showing, that defendant *"prayed upon or exploited"* victims fear of economic harm which would be suffered, even in absense of threat.

Romona D. Gore 209 WL 480173 was denied unemployment because Gore was found to have *"Falsified Company Records."* That *Court* held; "Substantial and Material Evidence is, *Such* relevant evidence as a reasonable mind might accept to support a rational conclusion and to furnish a reasonable sound basis for action under consideration." Further holding, that conduct to be misconduct, there must be a breach of duty, Weaver 565 S.W.2d 867, and must at least be intentional conduct that materially breaches a duty, Armstrong 725 S.W.2d at 955.

Robert DeZarn 409 U.S. at 354 was convicted of Perjury by the United States District Court of Eastern Kentucky. *Judge* Joseph M. Hood held; Defendant could be convicted of "Perjury" even though question was imprecise, that literal truth defense did not apply, and finding of materially was supported by sufficient evidence.

4

*Courts* further noted; that there are two essential element of proof in a perjury prosecution, that the statements made by defendant be *"Proven False"* and the defendant did not believe those statements to be true when made. *Courts* further held that there where the falsity of the statements is capable of proof by direct testimony. United States 6th Circuit 157 F.3d 1042, 18 U.S.C.A. § 1621, People 2000 WL 520818.

The *Supreme Court* **rule 8, RPC 4.1 supports** *"Misrepresentation"* can occur by *"Partially True by 'Misleading Statements'"* or omissions that are "equivalent of affirmative false statement or dishonest conduct, furthermore, Misleading Statements might be made regarding *"Experience."*

Tennessee Rules Of Evidence 401 definition of *"Relevant Evidence"* as meaning evidence having "any tendency to make" the existence of any fact that is of consequence to the determination of the action "more probable or less probable" than would be without the evidence.

***Courts upheld;*** that both, ***"Withholding Evidence and the 'Knowingly use of Perjured Testimony'*** can provide grounds for granting post-judgement relief under TN. R. Civ. P. 60.02. TN. ST. § 47-18-104 reads in part: that unfair, deceptive acts or practices, as making *"False or Misleading Statements of Fact."* TN. ST. § 39-11-101 reads in part; that the mental state is when a person commits an offense who *"Acts Intentionally."*

Black Law Dictionary 9th Ed. States in part, that Abuse of rights doctrine is the principle that a person may be liable for harm by doing something the person has a right to do. If the right is exercised for the purpose or primary motive of causing harm against oral rules, good faith, elementary fairness, or for a purpose other than its intended legal purpose. *Courts* held that measures where frustrated because of Counsel's misleading Conduct. In addition, court of equity will apply doctrine of equitable estoppel were *"Intentional Misrepresentation, Misleading Conduct or Wrongful Concealment"* occurred. Williams 44 S.W.3d 464, Murrah 245 S.W.2d 639, Stephens 64 S.W. 902

5

The *Court* held, it is established that even where a conspiracy is not charged, declaration of partners in a criminal joint venture are admissible to prove the guilt of another partner. As the *Court* pointed out in *Talbot*, the required independent evidence of concerted action, *"May be either direct or circumstantial."* There was both direct and circumstantial which was sufficient to make a *prima facie* case of joint illegal activity, United States 548 F.2d 657.

TN ST § 39-16-112 ¶ 7 and under Thomp.Shan.Code § 6474, penalized any one maliciously threatening to accus another of a crime with intent to person to do any act against persons will, *it is, immaterial* whether the person is guilty or innocent of such crime. In addition states; on *Clearly Conveying* to another an intention to put person in jail, or penitentiary, or to arrest person with intent to compel person to do an act against person's will. Violates *Thomp.Shan.Code § 6474.* State 245 S.W. 527 and TN 50, Extortion Key 10.

The *Essential Elements* of equitable estoppel as related to the party estopped, are said to be. 1. Conduct which amounts to a *false representation* or concealment of material facts, or at least, which is calculated to convey the impression that facts are otherwise than, and, *"Inconsistent with,"* those which the party subsequently attempts to assert. (2) *"Intention"* or at least, expectation that such conduct shall be acted upon by other party, and, (3) Knowledge, actual or constructive of the real facts, Cracker Barrel 284 S.W.3d 303 and Havery 286 S.W.3d 298.

T.C.A. § 39-16-112 states in part, that Extortion occurred and that it is immaterial whether the person against whom the threat is directed is guilty or innocent of the crime of which being threatened to be accused. And where one clearly conveying to another, the intent to put the person in penitentiary violated former extortion law. *Court* held in *Needham 147 Tenn. 50, 245 S.W. 527,* Because the harm is the use of coercion for the above purpose, the *offense* is committed even though the efforts are *unsuccessful* and, for example, did not result in obtaining any property.

T.C.A. § 39-16-604 states in part, that Obstruction of Justice is by refraining from reporting to law enforcement officer *(being Court)* the suspected commission of offense. Furthermore, T.C.A. § 39-16-702, § 39-16-703, and § 39-16-705 states in part: that *Perjury* as making a false statement under oath that confirms the truth of a false statement or not under oath, but, on an official document. Charge of *Aggravated Perjury* is the false statement made during or in connection with an official proceedings and where the false statement is material. Subornation of Prejury is where a person commits an offense, who, with intent to deceive, induces another person to make a false statement constituting perjury or aggravated perjury.

## RELIEF SOUGHT

Therefore, the *Plaintiff* respectfully request that this Honorable Court would grant the Arrest Warrant as outlined within the Exhibits here-in-to presented as support of this *Writ of Conspiracy*. And/or that this Honorable Court would grant any other relief to which the *Plaintiff* may be entitled to and/or is entitled to thereof under both State and Federal Laws.

## PLAINTIFF VERIFICATION

I, **Jeffery G. Douglas,** certify under penalty of perjury, that the forgoing is true and correct to the best of my Knowledge, Information, and Belief and that the information was discovered during court proceedings.

**Furthermore,** affirm that to the best of my Knowledge, Information, Belief, and all documents presented by Court and by the defendants, I am justly entitled to the relief sought.

**Plaintiff respectfully request a _Change of Venue_ due to the conflicting actions in previous filed suit and challenges to Criminal Arrest.**

## PLAINTIFF IMMUNITY

**Any person making a report under this part _shall be immune_ from civil liability that might otherwise be imposed for such action in accordance to T.C.A. § 38-1-306**

# CERTIFICATE OF SERVICE

I hereby certify that this *"Writ of Conspiracy and its attachments"* are within, the possession of Jackson Police Department[1] under filed action with Circuit Court of Knox County[2] and only a *"Notice of Filing"* was, given.

                                              Respectfully Submitted,

                                              */s/ Jeffery J. Douglas 2/26/15*

                                              Jeffery G. Douglas, 467016
                                              Northwest Correctional Complex
                                              960 State Route 212
                                              Tiptonville, TN. 38079

---

[1] Jackson Police Department, P.O. Box 2587, Jackson, TN. 38302
[2] Circuit Court of Knox County, 400 Main Street (M-30), Nashville, TN. 37902