UNITED STATES DISTRICT COURT
WESTERN DISTRICT, EASTERN DIVISION

JEFFERY G. DOUGLAS,
    **PLAINTIFF,**

v.                                              Docket: **1:15-CV-01046**

                                              **JURY TRIAL AS OF RIGHT**

FRANCINE C. SCHREIBER, et. al.
JENNIFER PLUNK,
RALPH TURNER,
GREGORY GOOKIN,
DANIELLE JONES,
    **DEFENDANTS**

---

## ADDITIONAL PLEADINGS TO WRIT OF CONSPIRACY

---

    **COMES NOW** the *Plaintiff* in the above cause of action and hereby submits this *Additional Pleading* as follows:

    *Plaintiff* will state that a method for determining *(Res Ipsa Loquitur Test [1])* whether the *defendant(s)* has gone beyond preparation (which occurred) and has actually committed an attempt[2] (which occurred). Based on whether the *defendant's* act itself would have indicated (which has) to an observer (Plaintiff) what the *defendant* intended to do (which occurred.)

    An *"attempt"* to commit an offense occurs when a *defendant* takes a _**"substantial step towards"**_ the commission of an offense (which occurred) with the intent to commit the predicate offense[3]. Moreover, an *"attempt"* requires (1) an _**"intent to engage in"**_ criminal conduct, and (2) _**"conduct constituting a substantial step toward the commission of"**_ the substantive offense which _**"strongly corroborates"**_ the actor's criminal intent[4]. In addition, for purposes of proving attempt, a _**"substantial step is conduct"**_ such that if it had not been extraneously interrupted

                                                                  **RECEIVED**

---

[1] Also Equivocally Test
[2] See ATTEMPT (2), Case: Criminal Law key 44
[3] Grauer 805 F.Supp.2d 698
[4] Casteel 721 F.Supp.2d 842

                                                                  APR  6 2015

                                                                 **CLERK, U.S. DIST. COURT**
                                                                 **WESTERN DIST. OF TENN**

would have resulted in a crime[5]. Furthermore, criminal intent ***"requires an intent to engage"*** in criminal conduct, and conduct constituting a ***"substantial step toward"*** the commission of the substantial offense *which* strongly corroborates the actor's criminal intent. In addition, a substantial step toward commission of substantive offense, thereby constituting an attempt, *must be* something more than mere preparation, *yet* may be less than the act necessary before the actual commission of the substantive crime[6].

***"Crimes of Conspiracy"*** or attempt do not require that the end of conspiracy were from very inception of agreement objectively attainable[7]. In addition, mere preparation for the commission of a crime is not enough and does not constitute an attempt to commit a crime.

*Rather,* to become an attempt, the preparation must ***come so near*** the accomplishment of the crime, that it becomes probable that the crime will be committed absent an outside intervening circumstance[8]. Elements of Conspiracy, are generally more easily proven than that the element of either a "substantial step" toward completing a crime[9]. With an attempt crime, the *defendant* committed an overt act that constitutes a substantial step toward commission of the crime[10].

There is no general federal statue-proscribing attempt, and therefore, an attempt to commit criminal conduct is actionable where a *specific criminal statues* makes impermissible its attempted as well as actual violation[11]. In order to convict defendant of an attempt crime. (1) An intent to do an act or to bring about certain consequences which would ***"in law"*** amount to a crime and (2) an act in furtherance of that intent which goes beyond mere preparation[12].

To support a conviction for an attempt crime, the ***"substantial step must be necessary"*** to the consummation of the crime. And be of such a nature that a reasonable observer, viewing it in context, could conclude beyond reasonable doubt that it was undertaken in accordance with a design to violate the statute. In addition, to constitute a substantial step, as required to prove an attempt crime, a *defendant's* actions must cross the line between preparation and attempt by

---

[5] Casteel 721 F.Supp.2d 842
[6] Johnson 719 F.Supp.2d 1059
[7] Manzo 714 F.Supp.2d 486
[8] Jadue 2014 WL 3407634
[9] Valle 2014 WL 2980256
[10] Roman 2014 WL 1669005
[11] Hoffman 995 F.Supp.2d 555
[12] Nitschke 843 F.Supp.2d 4

2

*unequivocally* demonstrating that the crime will take place unless interrupted by independent circumstances[13].

The *victim impact statement* contains false statement of facts, as to, mislead the court and to lead to conviction of *Plaintiff*. Furthermore, it is in the opinion of *Plaintiff* that the victim and witnesses perjured themselves in the following manner;

**Victim Statement:** *"We 'moved' where he wouldn't know where my family is living to make me feel safe*[14].

Victim's statement is counteracted by the *"Warranty Deed"* notarized on the 13th day of February 2009. Accordingly, Clay M. McCormack, Notary Public, notarized the deed of *"Ralph Turner and wife Sherrie Turner"* selling Tract X; 218 Morgan Street, Map 781, Group N, Parcel 17.00, which is the home in which they lived. *"Why did the family move*[15]?"

Victim Impact Statement alone, *does not relieve court of obligation* to make findings concerning alleged factual inaccuracies or *"to expressly disclaim reliance on them*[16]. In addition, false statement on witness stand where testimony given in rebuttal to victim's testimony not only tended to show that victim had made false statement and constituted reversible error[17].

Investigator Danielle Jones, perjured herself within her own statements, not once, but twice, as follows;

**Danielle Jones:** Presented herself as *"Prosecutor"* on the face of the Indictment or True Bill[18] and then counteracted herself in Interrogatory answer; *"I am not a 'licensed attorney' and, therefore, [h]ave never been a 'prosecutor'*[19].

Perjury or false statement, Danielle Jones and Victim was clearly informed of the consequences of *providing false statements*[20]. Yet, deliberately disregarded that warning and maintained the perjury statement throughout the court and appeals of Plaintiff as to continue to deceive court and Plaintiff's appeals to that disregarded notices.

---

[13] Nitschke 2011 WL 7272456
[14] Exhibit A, Victim Impact Statement
[15] Exhibit A, Warranty Deed
[16] Furst 918 F.2d 400, Fed. Rules Civ.P. 32
[17] Fed. Rules Crim.P. 30
[18] October 5, 2009 Indictment
[19] Interrogatories, 1st Page, Interrogatory # 1 and Response
[20] Blalock 321 F.3d 686, 2007 WL 108286, 2008 WL 4602242 and Fed. Rules Crim.P. 11

In assessing *Conspiracy* and for the *defendant* to have taken a **"substantial step,"** as required to support an attempt charge. H*e* must have engaged in more than mere preparation, *but* may have stopped short of the last act necessary for the actual commission of the substantive crime[21].

**"Attempt"** requires: (1) an intent to commit the underlying offense, along with (2) an overt act constituting a *"substantial step towards"* the commission of the offense. Mere preparation to commit a crime does not constitute a "substantial step," as element of attempt. However, for the **"substantial-step element"** of attempt, even when defendant's *"intent is clear,"* his actions must cross the line between preparation and attempt. A **"substantial-step,"** as element of attempt, [o]ccurs when the *defendant's actions* unequivocally demonstrate that the crime will take place, unless interrupted by independent circumstances[22].

Delaware's *definition* of **"substantial-step,"** for purposes of attempt, *focuses* on the *defendant's* intent rather than on whether the *defendant* has taken an overt act. The law of attempts under Delaware Criminal Code seeks *to prevent even the preparations* for crime by threatening punishment prior to the completion of the crime[23].

To convict a defendant of an attempt to commit a crime under New York law. It must be shown that the *defendant* committed an act or acts **"that carry the project forward"** within dangerous proximity to the criminal end to be attained[24].

A substantial step, as required to prove an attempt crime, must be *something more* than mere preparation, *yet,* may be less than the last act necessary before the actual commission of the substantive crime[25]. In analyzing an attempt conviction, a substantial step" is some overt act *adapted* to, *approximating*, and which in the ordinary and likely course of things will result in, the commission of the particular crime. The line between mere preparation and substantial step is *inherently* fact specific; conduct that would appear to be mere preparation in one case might qualify as a substantial step in another.

Generally, a *defendant* takes a substantial step when, his actions make it reasonably clear that had the defendant *not been interrupted* or made a mistake, he *would*

---

[21] Anderson 2014 WL 814889
[22] Gonzalez-Monterroso 2014 WL 575952, Tyerman 2012 Wl 6171941
[23] Gonzalez-Monterroso 2014 WL 1237, See alsoWest's Del.C. §§ 531(2), 532
[24] Gonzalez 728 F.3d 149, See also N.Y.McKinney's Law 110.00

4

have completed the crime. In addition, crossing from mere preparation to a substantial step *does not require* the police to wait until the day of the planned crime to intervene with an arrest[26].

The element of attempt are (1) *intent* to commit the predicate offense, and (2) conduct that is a substantial step toward its commission. Although a substantial step must be go beyond mere preparation, for crime of attempt, it need not be the last act necessary before commission of the crime[27].

An attempt generally requires both (1) an *intent* to commit the substantive offense, and (2) the commission of an act which constitutes a substantial step towards commission of the substantive offense. A *"substantial step"* must be something more than preparation., *Yet* may be less than the last act necessary before the actual commission of the substantial crime, and the fact that further, major steps remain before the crime can be completed does not preclude a finding that the steps already undertaken are substantial[28].

An "attempt" requires (1) an intent to engage in criminal conduct, and (2) conduct constituting a *'substantial step'* toward the commission of the substantive offense which strongly corroborates the actor's criminal intent. A *"substantial step"* toward the commission of the substantive offense, as required to establish an attempt, goes beyond mere preparation but may be less than the last act necessary before commission of the substantive crime. The *chief* purpose of the substantial step requirement for proving an attempt is to corroborate the actor's specific intent to commit the crime. As a result, the act must be of such an unequivocal nature that it is calculated to bring the desired result to fruition. The determination whether a defendant's conduct amounts to a substantial step toward the commission of the substantive offense, as to required to establish an attempt, is necessarily dependent on the particular factual circumstances in the case at hand[29].

"Attempt" requires an intent to commit the predicate offense and conduct that is a substantial step towards the crime's commission. A defendant takes a *"substantial step,"*

---

[25] Pascual 2013 WL 3388382
[26] Muratovic 2013 Wl 3186567
[27] Goodwin 2013 WL 2301842, Tyerman 2012 Wl 6171941
[28] Gordon 710 F.3d 1124

5

as element of attempt when he takes actions necessary to the consummation of the crime. That were of such a nature that a reasonable observer, viewing the actions in context, could conclude that the actions were undertaken in accordance with a design to commit the actual offense[30]. The crime of attempt requires the specific intent to commit a crime and a substantial step towards the commission of that crime[31]. Criminal attempt requires that the defendant intended to a crime and that the defendant took a substantial step towards committing the crime, beyond mere preparation[32].

## CONCLUSION

The *Plaintiff* believes beyond reasonable doubt, that the defendant took a substantial step toward the commission of the crime of Conspiracy and place in effect the affidavits thereof as support, in additional, the exhibits presented.

Plaintiff respectfully request that the Court will allow the Plaintiff to proceed with the Writ of Conspiracy. That the Court grant any other relief that the Plaintiff is intitled To thereof.

---

[29] Villarreal 707 F.3d 942, Tyerman 2012 Wl 6171941
[30] Tyerman 2012 Wl 6171941
[31] Pavulak 2012 Wl 5870742
[32] Evans 2012 WL 5518965

## RELIEF SOUGHT

Plaintiff avers this Honorable Court grant any other relief to which the Plaintiff is entitled to thereof.

## CERTIFICATE OF SERVICE

I hereby Certify that a copy of this document was mailed to Jackson Police Department.

Respectfully Submitted,

*Jeffery M. Douglas* 4/1/15

Jeffery G. Douglas, 467106
Northwest Correctional Complex
960 State Route 212
Tiptonville, TN. 38079