IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| JEFFERY G. DOUGLAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 15-1046-JDT-egb |
| | ) |
| F.S., ET AL., | ) |
| | ) |
| Defendants. | ) |

ORDER TO MODIFY THE DOCKET, DISMISSING CASE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH AND
NOTIFYING PLAINTIFF OF FILING RESTRICTIONS UNDER 28 U.S.C. § 1915(g)

On March 2, 2015, the Plaintiff, Jeffery G. Douglas, Tennessee Department of Correction prisoner number 467106, an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* civil complaint, titled "Writ of Conspiracy," accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) In an order issued on March 3, 2015, the Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as F.S.,[1] Jennifer Plunk, Ralph Turner, Gregory D. Gookin, and Danielle Jones. On April 6, 2015, Plaintiff filed a document, titled "Additional Pleadings to Writ of Conspiracy," that the Court construes as an amendment to his complaint. (ECF No. 5.)

---

[1] Because F.S. was the victim of a sexual assault and was a juvenile when the events at issue occurred, she will be referred to only by her initials. The Clerk is directed to MODIFY the docket to remove her full name.

By way of background, this action arises out of Plaintiff's convictions for rape and sexual battery of a thirteen-year-old girl, which were obtained in the Circuit Court for Madison County, Tennessee. Douglas was sentenced to concurrent terms of imprisonment of ten years for the rape and two years for the sexual battery. The convictions were affirmed on direct appeal. *State v. Douglas*, No. W2010-00986-CCA-R3-CD, 2011 WL 915052 (Tenn. Crim. App. Mar. 16, 2011), *perm. app. denied* (Tenn. May 25, 2011). The denial of post-conviction relief was affirmed by the Tennessee Court of Criminal Appeals. *Douglas v. State*, No. W2012-00012-CCA-R3-PC, 2013 WL 1557367 (Tenn. Crim. App. Apr. 9, 2013). Douglas has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is pending in this district. *See Douglas v. Steward,* No. 1:13-cv-01129-JDB-egb (W.D. Tenn. filed May 6, 2013). The Defendants in the present suit are the victim (F.S.), the victim's mother (Plunk), the victim's mother's boyfriend (Turner), defense counsel (Gookin) and the police investigator (Jones).

This is not the first lawsuit Plaintiff has filed against these parties arising from his criminal prosecution. On July 21, 2011, Douglas filed a federal lawsuit in this district against Plunk, F.S. and Turner under 42 U.S.C. § 1983. *Douglas v. Plunk,* No. 1:11-cv-01219-JDT-egb (W.D. Tenn.).[2] The Court issued an order on July 5, 2012, that, *inter alia,* dismissed Plaintiff's complaint for failure to state a claim and imposed a first "strike" under 28 U.S.C. § 1915(g). *Id.* (ECF No. 9). The Court reasoned that "[a] witness in a criminal trial is absolutely immune under 42 U.S.C. § 1983 for claims arising from the witness' testimony." *Id.* at 4. Douglas did not appeal that dismissal.

---

[2] Attached to the complaint in case number 11-1219 was a copy of a complaint Douglas had filed in the Circuit Court of Madison County, Tennessee, against the same parties. *Id.* (ECF No. 1-1, *Douglas v. Turner,* No. C-11-96 (Madison Cnty. Circ. Ct. filed Apr. 5, 2011)).

On November 2, 2012, Plaintiff filed a second action in the Madison County Circuit Court against the defendants named in the present suit and other parties. Defendant Jones subsequently removed the case to federal court. *Douglas v. Jones*, No. 1:12-cv-01276-JDB-egb (W.D. Tenn. removed Nov. 30, 2012). In an order issued on September 3, 2013, U.S. District Judge J. Daniel Breen remanded the case to state court for want of subject-matter jurisdiction. *Id.* (Order Remanding Case, ECF No. 125).

In his most recent complaint, titled "Writ of Conspiracy," Plaintiff alleges that, on October 19, 2013, he signed an affidavit of complaint charging F.S., Plunk and Turner with extortion under Tennessee law and seeking a warrant for their arrest. (ECF No. 1 at 2; ECF No. 1-1.) Jackson Police Captain Tyreece Miller wrote to Plaintiff on October 24, 2013, that "I will treat this complaint as I would any other complaint/police report." (ECF No. 1-2 at 2.) Miller also wrote that "I will assign your complaint to an Investigator to follow up. The results of the investigation will then be forwarded to the District Attorney's Office for review." (*Id.*) Plaintiff was advised that "[y]ou will receive future correspondence via U.S. mail." (*Id.*) Plaintiff has heard nothing further about his affidavit of complaint. (ECF No. 1 at 2.) On October 31, 2013, Plaintiff signed another affidavit of complaint F.S., Plunk, Turner and Jones that charged those parties with perjury and sought the issuance of arrest warrants. (*Id.* at 2; ECF No. 1-3.)

The remainder of the complaint sets forth the law governing actions for malicious prosecution and the common-law writ of conspiracy, which "applied when conspiracy was formed to prosecute an individual on a false charge of felony . . . ." (ECF No. 1 at 1; *see also id.* at 3 (same).) There is also a lengthy discussion of the law of perjury. (*Id.* at 3-5.) The complaint asserts that, in a cause of action for maliciously accusing another of a crime with an intent to injure that

3

other person, "it is, [sic] immaterial whether the person is guilty or innocent of such crime." (*Id.* at 6 (emphasis omitted).) The complaint concludes with a discussion of extortion and obstruction of justice. (*Id.* at 6-7.)

Plaintiff asks the Court to "grant the Arrest Warrant" and grant any other relief to which he may be entitled. (*Id.* at 7.)

In his amended complaint, which was filed on April 6, 2015, Plaintiff discusses, in general terms, the law applicable to an attempt to commit an offense. ( ECF No. 5 at 1-2.) Plaintiff also reiterates his arguments that Defendants have committed perjury. (*Id.* at 3.) The amended complaint argues that Defendants have attempted to commit the crime of conspiracy. (*Id.* at 4-6.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions, are not

4

entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). "Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Id.* (citing *Neitzke*, 490 U.S. at 328-29).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness.

*Id.* at 471 (citations and internal quotation marks omitted).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'"

5

(quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxite de Guinee*, 456 U.S. 694, 701 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); *Owen Equip.*

*& Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). A federal court may address its subject-matter jurisdiction *sua sponte*. *See, e.g., Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 702 ("a court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion"); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n.10 (1938); *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*"). Under Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

"A party seeking to invoke the jurisdiction of the federal courts . . . bears the burden of establishing that such jurisdiction exists." *Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008) (per curiam). Rule 8(a)(1) of the Federal Rule of Civil Procedure requires that the complaint contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Plaintiff's complaint does not state the basis for federal subject-matter jurisdiction over this matter. The complaint does not allege that there is complete diversity of citizenship, as would be required for jurisdiction under 28 U.S.C. § 1332(a). It appears unlikely that that requirement could be satisfied. There also is no allegation that the instant action arises "under the Constitution, laws, or treaties of the United States," as required for federal question jurisdiction under 28 U.S.C. § 1331. "Whether a claim presents a federal question is determined by looking to the plaintiff's statement of his own claim." *Lexington-Fayette Urban Cnty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 F. App'x 813, 816 (6th Cir. 2004) (internal quotation marks omitted); *see also Kitzmann v. Local 619-M Graphic Commc'ns Conference of Int'l Bhd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011)

7

("Our review of whether federal-question jurisdiction exists is governed by the well-pleaded complaint rule, which provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint."). The claims in Plaintiff's complaint appear to arise under the statutes and common law of the State of Tennessee.

Because subject-matter jurisdiction over the instant action is lacking, the Court DISMISSES the action under 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) and Rule 12(h)(3) of the Federal Rules of Civil Procedure.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

Therefore, it is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir.

1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the third dismissal of one of his cases as frivolous or malicious or for failure to state a claim.[3] This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 733 F.3d 175, 177-78 (6th Cir. 2013), *cert. granted,* 135 S. Ct. 43 (2014) (Nos. 13-1333, 13A985).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious,

---

[3] Plaintiff previously filed *Douglas v. Plunk,* No. 1:11-cv-01219-JDT-egb (W.D. Tenn. July 11, 2012) (dismissed for failure to state a claim), and *Douglas v. Gregory,* No. 1:14-cv-1302-JDT-egb (W.D. Tenn. Apr. 15, 2014) (dismissed for failure to state a claim).

"[I]n the ordinary course, a dismissal for a lack of jurisdiction is not a strike." *Cohen v. Corr. Corp. of Am.*, 439 F. App'x 489, 491-92 (6th Cir. 2011). However, "a per se rule is not appropriate because a prisoner's invocation of federal jurisdiction in and of itself may be frivolous where there is no possible ground upon which a reasoned argument can be made to sustain jurisdiction. Counting these frivolous invocations of federal jurisdiction as strikes aligns with the PLRA's purpose, which is to reduce the burden on federal courts stemming from the tide of vexatious and burdensome prisoner litigation." *Id.* (internal quotation marks, alteration and citations omitted). Here, Plaintiff frivolously invoked federal jurisdiction by refiling a suit against the same parties that he sued in case number 12-1276 after that case had been remanded to state court for want of jurisdiction. Moreover, Plaintiff has acted maliciously by filing numerous, largely redundant lawsuits against his juvenile rape victim and her family, which is independent justification for assessment of a third "strike" under 28 U.S.C. § 1915(g).

or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Consequently, Plaintiff is now barred from filing any further actions *in forma pauperis* while he is a prisoner within the meaning of 28 U.S.C. § 1915(h) unless he is in imminent danger of serious physical injury. Therefore, if any civil action filed by Plaintiff while he is incarcerated is not accompanied either by the entire civil filing fee or by allegations sufficient to show that, at the time of filing the action, he is in imminent danger of serious physical injury, the complaint will be filed, but Plaintiff will be required to remit the full civil filing fee. If he fails to do so, the case will be dismissed, and the filing fee will be assessed from his inmate trust account without regard to the installment procedures of 28 U.S.C. §§ 1915(a)-(b).

Plaintiff is cautioned that, if he attempts to evade the § 1915(g) restriction by filing actions in other jurisdictions that are then transferred or removed to this district, the Court may impose a monetary sanction in the full amount of the civil filing fee.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE