IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT, EASTERN DIVISION

JEFFERY G. DOUGLAS,

    **PLAINTIFF**

**vs.**                                      Docket: **1:15-CV-01046**

                                            **JURY TRIAL AS OF RIGHT**

FRANCINE C. SCHREIBER, et. al.

JENNIFER PLUNK,

RALPH TURNER,

GREGORY GOOKIN,

DANIELLE JONES,

    **DEFENDANTS,**

---

## RES IPSA LOQUITUR DOCTRINE

---

    **COME NOW** the *Plaintiff* in the above cause of action and hereby submits the following In support of the *"Writ of Conspiracy and Additional Pleading to Writ of Conspiracy."*

    Conceptually, an absent of notice, actual or constructive, ***does not bar claim*** in all circumstances; the doctrine, enables a jury presented with only circumstantial evidence to infer negligence simply from the fact that an event happened. And permits the *Plaintiff* to establish a *prima facie case* without proving the elements usually necessary to state a negligence claim; this inference, is permitted because certain occurrences contain within themselves a sufficient basis for an inference of negligence[1].

    *Res Ipsa Loquitur* governs availability of evidence, and is merely a recognition that circumstantial evidence may be appropriate and adequate proof in negligence action[2]. It is not a separate theory of liability, but rather, amounts to nothing more than a common sense application of the probative value of circumstantial evidence[3]. It is an evidentiary doctrine that is used in certain limited types of cases when the circumstances constitute sufficient evidence of the *defendant's* negligence to support such a finding.

**RECEIVED**

---

[1] Key 272 k1610 k. In general, Coale 2014 IER Cases 164, 542
[2] In re Gigliottie 2104 WL 1254146

MAY − 4 2015

1

**CLERK, U.S. DIST. COURT
WESTERN DIST. OF TENN**

*Plaintiff* must demonstrate; (1) the character is such that it would not ordinarily occur in the absence of negligence. And (2) the instrumentality causing the injury is shown to have been under the management and control of the *defendant* and a fact finder can reasonably conclude that any negligence is attributable to the defendant[4]. It is Rule of Evidence whereby a *Plaintiff* may advance his negligence case even thought the evidence is insufficient to establish the elements of negligence. Instead of directly proving these elements, the *Plaintiff* proceeds by providing facts and circumstances surrounding the injury that make an inference of the negligence reasonable[5] and merely a theory by which negligence is proven, not an independent negligence claim[6].

The *doctrine* allows the *Plaintiff* the opportunity to establish a *prima facie* of negligence case when he or she could not otherwise satisfy the traditional requirements for proof of negligence. It is merely a short way of saying that the circumstances attendant upon an accident are themselves of such a character as to justify a jury inferring negligence as the cause[7]. A Rule of Evidence, rather than a cause of action or a ground for recovery, it does not have to be pleading in complaint or noticed by specific designation to adverse party[8].

*Res Ipsa Loquitur* was developed to assist in the proof of negligence where the cause is connected with an instrumentality in the exclusive control of a *defendant*. The Doctrine allows the jury to infer negligence from the *Plaintiff's* evidence of circumstances surrounding the occurrence[9]. It is a short-hand expression for rule of evidence which allows jury to infer existence of negligence and causation where injury at issue is on that does not ordinarily occur in absence of negligence. It is not a theory of recovery, but rather rule of circumstantial evidence, nor separate cause of action[10], rather, a type of circumstantial evidence from which *defendant's* negligence may be inferred,

---

[3] Helton 2014 WL 1056569
[4] Mutuba 2013 WL 2650149
[5] McBride 2013 WL 208921
[6] PacifiCrop. 2012 WL 1877379
[7] Gillespie 2012 WL 1877379
[8] Gross 858 F.Supp.2d 466, Harms 155 F.Supp.2d 891
[9] Dupont 2011 WL 3802783
[10] Tennis 730 F.Supp.2d 437

purely a procedural or evidentiary rule, rather than substantive rule. It is a Rule of Evidence and not one of pleading or substantive rule[11].

*Res Ipsa Loquitur* is a rule of evidence and a type of circumstantial evidence, which permits, but does not compel, an inference of negligence upon showing an injury would not have occurred absent some unspecified but impliedly negligent act[12]. However, is not a separate cause of action that must be specifically set out in the pleadings, but rather a means by which a jury may infer negligence through the occurrence of an unusual event[13]. Furthermore, is not separate tort or cause of action; rather, that doctrine is merely procedural device that creates rebuttable inference of negligence and is a type of circumstantial evidence[14].

In *Tennessee,* the doctrine is a rule of evidence, not a rule of substantive law and to prevail on theory, the *Plaintiff* must show that the mere occurrence of the injury shows negligence as cause[15]. *Res Ipsa Loquitur* case is ordinarily merely one kind of case of circumstantial evidence, in which the jury may reasonably infer both negligence and causation from the occurrence of the event and the *defendant's* relation to it[16]. A *Plaintiff* may prove negligence, even when he cannot identify the specific breach of duty that cause the injury. If the injury is of the kind that does not ordinarily happen unless the *defendant* was in some respect and other responsible causes including the conduct of the *Plaintiff* are sufficiently by the evidence[17].

*Res Ipsa Loquitur* is a rule of circumstantial evidence peculiar to the law of negligence. Which concerns proof of a negligent act or *omission;* when a particular occurrence does not ordinarily happen if *reasonable care* is exercised. Upon proof of the occurrence, the *doctrine* allows the inference to arise that the *defendant* did not exercise reasonable care[18]. Furthermore, a rule of circumstantial evidence, allowing the inference of negligence from the mere fact of an unexplained injury. Now, more commonly referred to as *"general negligence,"* is a rule of evidence, which permits, but does not compel, an inference that the *defendant* was negligent[19].

---

[11] Rodriguez 696 F.Supp.2d 1163
[12] Depositors inc. Co. 506 F.3d 1092
[13] Hofer 516 F.Supp.2d 161
[14] Kerns 496 F.Supp.2d 161, Housely 488 F.Supp.2d 819
[15] Alves 488 F.Supp.2d 285, Mariules 452 F.3d 639
[16] Morres 425 F.Supp.2d 151, also Restatement (Second) of Torts § 328D
[17] Ryba 417 F.Supp.2d 199
[18] Woods 400 F.Supp.2d 1145
[19] Johnson 403 F.Supp.2d 544

When certain conditions are satisfied, a *Plaintiff* may establish negligence or a violation of the place standard through the doctrine, a rule of circumstantial evidence that permits a fact-finder to infer a *defendant's* negligence from the occurrence of an event[20].

Application doctrine allows fact finder to determine that party is negligence based on circumstantial evidence[21]. Although not a separate tort; instead, it describes a set of conditions to be met before an inference of negligence may be drawn[22]. Further enables a jury presented only with circumstantial evidence to infer negligence simply from the fact that an event happened[23]. The principal, is a rule of circumstantial evidence that infers negligence on part of *defendants*. Because facts of the case indicate that negligence of the *defendant* is the probable cause of the occurrence, in the absence of other equally probable explanations offered by credible witnesses[24].

The doctrine, is a rule of evidence, not a rule of substantive law; doctrine allows *Plaintiff* to show that circumstances under which an injury occurred constitute sufficient evidence of the *defendant's* negligence to support such a finding[25]. It combines circumstantial evidence with presumption on burden of proof[26] and allows negligence to be inferred in certain fact situations[27]. The doctrine is a part of law of evidence and deals with sufficiency of proof to raise an inference of negligence on part of *defendant* and thus make out a *prima facie case* of *defendant's* liability[28]. It is not proof and does not supply a want of proof, but is a rule of interpretation by which evidence of facts is made to speak to logical conclusions naturally flowing therefrom[29]. Therefore, the doctrine of *Res Ipsa Loquitur* is stated[30]. It is not a rule of procedure nor of substantive law, but only a rule of evidence for circumstantial proof of negligence[31], can apply to multiple *defendant's* who share responsibility for the probable cause of the occurrence[32]. And is not substantive rule of law or procedural rule but merely evidentiary in nature and is a shorthand

---

[20] Balistreri 322 F.Sup..2d 972
[21] Taylor 310 F.Supp.2d 727
[22] Martinez 12 Fed.Appx. 689
[23] Velez 178 F.Supp.2d 336
[24] Brown 231 F.3d 197
[25] Hayles 82 F.Supp.2d 650
[26] Fedorczyk 82 F.3d 69
[27] Zimbauer 920 F.Supp. 959
[28] Coca-Cola Bottling Company 99 F.2d 190
[29] Smith 96 F.2d 976
[30] The Zulla 235 F. 433, Delaware 188 F. 901
[31] Levy 572 F.Supp. 65
[32] Ashland 711 F.2d 1431

expression for circumstantial proof of neglgigence[33]. It was principal as stated in Reinstatement of Torts, which would be controlling[34], specialized use of circumstantial evidence[35] and merely method of demonstrating *defendant's* negligence[36].

Doctrine of *Res Ipsa Loquitur* is just one form of circumstantial evidence[37], is considered a rule of evidence[38]. Therefore, once cause or identity of injury has been established by appropriate finding, may properly be applied as to element of negligence and perhaps, legal, proximate causation[39], and is substitute for the usually required proof of negligence[40]. The doctrine is based on common and everyday experience[41], common-sense appraisal of probative value of circumstantial evidence[42], recognized and applied in proper case[43]. It is a part of the law of evidence and is determining application of its principal, law of forum governs[44]. It is merely method of proof and is based upon the assumption in certain instances the occurrence is so unusual that absent a reasonable justification, those in control should be held responsible[45]. It is nothing more than a form of circumstantial evidence; a rule of evidence rather than a rule of pleading or of substantive law[46], is applicable in actions based on negligence on part of *defendant*[47].

*Res Ipsa Loquitur* is applicable tort cases[48], and the rule doctrine does not prevail should not be extended so as to deny right of action. Where there is room for balancing the probabilities and for drawing reasonable inferences better supported on one side than the other[49].

The *Supreme Court* has stated that four critical elements must be present for law to fall within prohibition. "It must disadvantage the offender effected by it, or a law which provides for the infliction of punishment upon a person for an act done which, was committed, was innocent.

---

[33] Lanza 537 F.Supp. 777
[34] Stoddard 513 F.Supp. 314
[35] Stewart 553 F.2d 130
[36] Lairsey 528 F.2d 991
[37] Crawford 447 F.2d 738
[38] Weeks 418 F.2d 738
[39] Barnes 349 F.2d 553
[40] Appalachain 242 F.Supp. 226
[41] Berry 341 F.2d 14
[42] U.S. 318 F.Supp. 467
[43] Redding 196 F.Supp. 871
[44] Alexander 263 F.2d 314
[45] Bruce 167 F.Supp. 579
[46] McCarty 154 F.Supp. 852
[47] Willaimson 213 F.Supp. 246
[48] Williams 115 F.Supp. 386
[49] Ford Motor Company 174 F.2d 192

Changes the rule of evidence and receives (sic) less or different testimony than was required. Moreover, every law which, in relation to the offense or its consequences, alters the situation of a person to his disadvantage[50].

Some degree of speculation may be permitted in any case of circumstantial evidence, and doctrine of *Res Ipsa Loquitur* is a modified form of spectulation[51]. In addition, the essential elements furnishing the foundation for the rule of *Res Ipsa Loquitur* are primary, the proof resulting from the rule is secondary[52]. *Plaintiff* is not restricted to direct evidence, since a want of care may be presumed from established facts and circumstances[53]. Although negligence may be established by circumstantial evidence, the circumstances must be such as to take the case out of realm of conjecture and within the field of legitimate inferences from established facts[54].

The doctrine is a rule of evidence and not a substantive right and while the doctrine is of restricted scope, it may apply in certain cases[55]. Although it is not proof and does not supply a want of proof, but is a rule of interpretation by which evidence of facts is made to speak the logical conclusions naturally flowing from therefrom[56].

To fall within prohibition, event must dis advantage offender effected by it[57] by altering definition of criminal conduct[58], alters the situation of the accused to his disadvantage[59]. In addition, altars legal rules of evidence and receives less or different testimony than law requires in order to convict offender[60]. In addition, the principle of *'Res Ispa Loquitur'* is nothing but a picturesque way of describing a balance of probability either way, has been presented[61].

---

[50] Miller 482 U.S. 423, Weaver 450 U.S. 24
[51] Hackworth 73 F.Supp. 348
[52] Highland Golf Club of Iowa Falls, Iowa 59 F.Supp. 911
[53] Kapp 57 F.Supp. 32
[54] Laxton 142 F.2d 913
[55] Malls 51 F.Supp 562
[56] Asprodites 108 F.2d 728
[57] Lynce 519 U.S. 433, Waver 101 S.Ct. 960, Crowell 724 F.2d 1406, Young 280 F.Supp.2d 1250, Constitutional Law, keys 2781 & 2789, USCA Const. Art. I § 10, cl. 1
[58] Lynce 519 U.S. 433, Constitutional Law, keys 2789 & 2790, USCA Const. Art. I § 10, cl. 1
[59] In re, Medley 10 S.Ct. 384, Graham 246 F.2d 805, People of U.S. 11 F.Supp. 1014, Johnson 59 N.E. 321, La Porte 132 P. 563, Lynn 84 Md. 78, Wilson 64 Ill. 546, Moore 40 Ala. 53, USCA Const. Art. I § 10, cl. 1
[60] Thompson 18 S.Ct. 620, Duncan 14 S.Ct. 570, Kring 2 S.Ct. 443, Pierce 83 U.S. 234, Calder 3 U.S. 386, Roe 938 F.Supp. 1080, Constitutional Law, keys 2789, 2790, & 2812, USCA Const. Art. I § 10, cl. 1
[61] Washington Loan & Trust Company 137 F.2d 677

## SUPPORTING EXHIBITS

The supporting **Exhibits A, B, & C,** presented with the *"Writ of Conspiracy"* supports the finding for Foot Notes, Page 2, FN-5, FN-7, FN-9, Page 3, FN-15, FN-17, FN-20. In addition, Page 4, FN-23-27, FN-29, FN-32, Page 5 FN-36, 39 & 40, FN 45, Page 6, FN-52-56.

## CONCLUSION

The *Plaintiff* believes beyond reasonable doubt, that the defendants took a substantial step toward the commission of the Crime of Conspiracy as stated by *Plaintiff* in the Affidavits and by defendant's own words in an official proceeding.

## RELIEF SOUGHT

Therefore, *Plaintiff* respectfully request that this Honorable Court would grant the Arrest Warrant as outlined within the Exhibits there-in-to presented as support of the *Writ of Conspiracy, the Additional Pleading, and This submitted "Res Ispa Loquitur."* And/or that this Honorable Court would grant any other relief to which the *Plaintiff* may be entitled to under both State and Federal Laws.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was mailed to Jackson Police Department[62], and Knox County Circuit Court[63], and to United States District Court[64].

**Respectfully Submitted,**

*[signature]* 4/29/15

[65]Jeffery G. Douglas, 467106

---

[62] Jackson Police Department, P. O. Box 2587, Jackson, TN. 38302
[63] Circuit Court of Knox County, 400 Main Street (M-30), Nashville, TN. 37902
[64] United States District Court, 111 South Highland Avenue, Jackson, TN. 38301
[65] Northwest Correctional Complex, 960 State Route 212, Tiptonville, TN. 38079